UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER K. COLEMAN,           )
                             )
        Plaintiff,           )
                             )
    v.                       )   Civil Action No.  04-1688 (EGS)
                             )
                             )
UNKNOWN CENTRAL INTELLIGENCE )
AGENTS, *et al.*,            )
                             )
        Defendants.          )
                             )

MEMORANDUM OPINION

In this action filed under 42 U.S.C. § 1983, plaintiff alleges that defendants "persecuted, demonized, incarcerated, [and] subjected to physical and mental abuse" him and other individuals who are not parties to this action because of their efforts to uncover "the true role of the Central Intelligence Agency in actions that lead [sic] to a terrorist bomb to be placed aboard Pan American flight 103, December 21, 1988." Complaint at 1. The federal defendants[1] have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), (b)(5) and (b)(6), and have opposed plaintiff's pending motions to amend the complaint. Plaintiff has opposed the motion to dismiss and has replied to defendants' opposition to his motions to amend.

---

[1] In the original complaint and by an amendment filed on January 3, 2005 [Dkt. No. 20], plaintiff names the following federal defendants: retired CIA Officer Vincent Cannestraro, former U.S. Intelligence Officer Richard Secord, Special Agent David Edward, Willam Austin, Victor Martinez, Oliver "Buck" Revell, Theodore Shackley, Special Agent Thomas Thurman, and the Federal Bureau of Prisons, the Federal Bureau of Investigation, and the Central Intelligence Agency. In addition, plaintiff had named several Kentucky defendants but has since dismissed them from the complaint. *See* Minute Order of April 14, 2005.

2

Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion to dismiss, deny plaintiff's motions to amend the complaint, and dismiss the case.

## I.  BACKGROUND

Plaintiff claims to be a journalist, author and "for a short time, a contract Agent with the U.S. Defense Intelligence Agency."  Compl't at 2.  He alleges that after revealing in a film and a book "a U.S. intelligence link to the cause of the [December 1988] bombing of Pan Am flight 103," he was "brutalized and abused, moved about the country 16 times while illegally held for 154 days in federal custody" and eventually incarcerated.  *Id*.  In September 1993, plaintiff was charged "with making false statements in an affidavit submitted in a civil case in New York, Pan American World Airways Vs. United States Et El."  Compl't Attachment, Affidavit of Lester K. Coleman.  In July 1999, plaintiff was charged in Kentucky with Possession Forged Instrument II.  *Id*.  Plaintiff initiated this action in October 2004 while incarcerated at the Green River Corrections Complex in Central City, Kentucky.  He seeks $150 million in damages.

## II.  STANDARD OF REVIEW

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(b)(1). In addition, on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); accord *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (a court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  For purposes of resolving a motion to dismiss, the court must treat the plaintiff's factual allegations as true, *see, e.g., Warth v. Seldin*, 422 U.S. 490, 501 (1975), and must liberally construe the complaint in favor of the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969).

### III.  DISCUSSION

#### A.  Sovereign Immunity

Defendants assert that the Court lacks subject matter jurisdiction over plaintiff's claims against the government agencies and the individual defendants sued in their official capacities because, *inter alia*, the United States has not consented to be sued for such claims.  Absent a specific waiver by the government, sovereign immunity bars lawsuits for damages against the United States, its agencies and government employees acting in their official capacity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984).  "[A] waiver of sovereign immunity must be 'unequivocally expressed' and its conditions must be 'strictly observed and exceptions thereto are not to be implied.'"  *Blackmon-Malloy v. U.S. Capitol Police Bd.,* 338 F. Supp.2d 97, 103 (D.D.C. 2004) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981)).

A claim brought under 42 U.S.C. § 1983, or the judicially created federal counterpart, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is, by its terms, based on alleged deprivations of constitutional rights by officials acting under color of authority.[2]  Plaintiff alleges violations of the First Amendment and the Fifth Amendment's due

---

[2]  Defendants also argue for dismissal on the ground that § 1983 does not provide a cause of action against federal defendants.  Def's Mtn. at 5.  While correct, the Court declines to dismiss the complaint simply because plaintiff failed to assert the proper cause of action.  *See Johnson v. United States*, 547 F.2d 688, 691 (D.C. Cir. 1976) ("the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states"); *Haines v. Kerner*, 404 U.S. 519 (1972) (requiring liberal construction of *pro se* pleadings).

4

process clause. Compl't at 2. The United States generally has not consented to be sued for constitutional torts. *See FDIC*, 510 U.S. at 478. Plaintiff asserts that the United States "effectively" waived its immunity when he "reached a tort settlement with co-defendant, Federal Bureau of Prisons for 154 days of illegal incarceration." Pl.'s Opp. at 7. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, waives the United States' immunity, but only as to certain common law torts. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b). "[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *FDIC*, 510 U.S. at 478; *but see id.* at 483 (holding "that [Federal Savings and Loan Insurance Corporation's] sue-and-be-sued clause waive[d] the agency's sovereign immunity for Meyer's constitutional tort claim").

Plaintiff has not cited to any authority, including BOP's enabling statute, from which a waiver of immunity may be found with respect to his constitutional claims. He therefore has not met his burden of establishing subject matter jurisdiction. Accordingly, defendants' motion to dismiss the claims against the United States and the individual defendants in their official capacity will be granted.

*B. Qualified Immunity*

The individually named defendants seek dismissal on the ground, among others, of qualified immunity. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because "[t]he entitlement is an immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), the Supreme Court repeatedly has stressed the importance of resolving immunity questions at the

5

earliest possible stage in litigation. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Mitchell*, 472 U.S. at 526; *Davis v. Scherer*, 468 U.S. 183, 195 (1984); *Harlow*, 457 U.S. at 818. When applying the objective qualified immunity standard, courts generally must determine first whether the plaintiff has stated a violation of a constitutional or statutory right and, if so, whether that right was so clearly established that a reasonable person would have known that his acts violated the right. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). The threshold inquiry is whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing *Siegert*, 500 U.S. at 232). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id*. If a violation is sufficiently pleaded, the second inquiry is "whether the [constitutional] right was clearly established," *id*, by examining whether the "contours of the right [were] sufficiently clear that a reasonable official would [have understood that] what he [was] doing violate[d] that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). An official is not shielded from liability where he "could be expected to know that certain conduct would violate statutory or constitutional rights." *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998).

Here, defendants rightly assert that plaintiff's general allegations that each defendant sought to silence him and participated in a coverup are too conclusory to overcome their claim of qualified immunity. Plaintiff has not described the specific conduct of any one of the named defendants sufficiently to begin the inquiry. The alleged misconduct stems from plaintiff's arrest, prosecution and incarceration. Plaintiff does not attribute those activities to the named defendants, *see* Compl't. at 5 (describing party-defendants); and given their titles, *see supra* n.1,

it cannot be reasonably inferred that they would have directly participated in plaintiff's criminal prosecution.  "[Q]ualified immunity would be defeated if an official 'knew or reasonably should have known that the action he took within his sphere of official responsibility would violate [] constitutional rights'"  *See Harlow*, 457 U.S. at 815 () (quoting *Wood v. Strickland*, 420 U.S. 308, 322 (1975)) (emphasis added).  Assuming the truth of the allegations, the named defendants' official responsibilities fell within the realm of investigation, not prosecution.  Accordingly, defendants' motion to dismiss the personal-capacity claims against the individual defendants based on qualified immunity will be granted.

### C.  Plaintiff's Motions to Amend

Leave to amend a pleading should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  However, "courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."  *National Wrestling Coaches Ass'n v. U.S. Dept. of Educ.*, 263 F. Supp.2d 82, 103 (D.D.C. 2003) (quoting *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)) (internal quotation marks omitted) (citing cases).  In addition, leave to amend  should be denied if "the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action."  *Mississippi Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991).

In two separate motions, plaintiff seeks to amend the complaint to substitute defendant Shackley's estate and to add a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq,* [Dkt. No. 47], and to add a defamation claim against two new defendants [Dkt. No. 60].  The former motion will be denied because defendants' qualified immunity, discussed, *supra*, would shield them from what is in any event an unsubstantiated

RICO claim. *See Beck v. Prupis*, 529 U.S.494, 505 (2000) ("[I]njury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO . . . is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962 (d)." ); Def's Opp. [Dkt.No. 50] at 4-5 (stating valid reasons as to why the RICO claim would fail).[3]

The latter motion seeks to bring a claim of defamation against book author Micheal[sic] T. Hurley and publisher iUniverse, Inc.  Leave to amend will be denied because the proposed tort claim against private defendants is not substantially related to the original claims against government officials for constitutional violations.  Moreover, the new defendants are not located within this judicial district and the events giving rise to the new claims are not alleged to have occurred here.  Thus, this venue would not be proper for litigating the new claims.  Presumably, plaintiff may pursue those claims by filing an action in the judicial district properly situated to entertain them.  *See* 28 U.S.C. § 1391.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted and plaintiff's motions to amend the complaint, as well as all other pending motions, are denied.  A separate Order accompanies this Memorandum Opinion.

SIGNED:   EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: August 28, 2006

---

[3]  Defendants assert that the amendment would be futile because the RICO claim, like the complaint, is barred by the statute of limitations.  The allegations are too confusing to reach a determination about timeliness from the four corners of the  complaint.  Because the case is being dismissed on immunity grounds, the Court need not direct the additional briefing necessary before resolving this issue.